# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 10-6981 |
| FIRST CHOICE DRYWALL, INC., | ) | |
| | ) | Hon. Jack B. Schmetterer |
| Debtor. | ) | |
| | ) | **Hearing Date: January 13, 2011** |
| | ) | **Hearing Time: 10:00 A.M.** |

## NOTICE OF FIRST AND FINAL APPLICATION OF JEFFREY C. BLUMENTHAL CHARTERED FOR ALLOWANCE OF ADMINISTRATIVE CLAIM FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD JUNE 16, 2010 THROUGH DECEMBER 17, 2010

TO:   SEE ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that on Thursday, January 13, 2011 at 10:00 A.M., or as soon thereafter as counsel may be heard, we shall appear before the Honorable Jack B. Schmetterer, or any judge sitting in his stead, in Courtroom 682, in the United States Bankruptcy Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois, and present the **First and Final Application of Jeffrey C. Blumenthal Chartered, for Allowance of Administrative Claim for Compensation and Reimbursement of Expenses for the Period June 16, 2010 Through December 17, 2010**, at which time and place you may appear as you see fit.

Dated: December 20, 2010                    *Jeffrey C. Blumenthal Chartered*

                              By:   */s/ Elizabeth Peterson*
                                 Fox, Hefter, Swibel, Levin & Carroll, LLP,
                                 General Bankruptcy Counsel to the Trustee

N. Neville Reid (ARDC #6195837)
Ryan T. Schultz (ARDC #6288585)
Elizabeth Peterson (ARDC #6294546)
**FOX, HEFTER, SWIBEL, LEVIN & CARROLL, LLP**
200 West Madison Street, Suite 3000
Chicago, IL  60606
Ph:  312.224.1200
Fx:  312.224.1201

## CERTIFICATE OF SERVICE

I, Elizabeth Peterson, certify that on December 20, 2010, I caused a copy of the foregoing **First and Final Application of Jeffrey C. Blumenthal Chartered, for Allowance of Administrative Claim for Compensation and Reimbursement of Expenses for the Period June 16, 2010 Through December 17, 2010** to be filed electronically, with a copy of same being served upon the parties listed on the attached Service List by the Court's ECF filing system or by postage prepaid first-class U.S. Mail.

*/s/ Elizabeth Peterson*
Elizabeth Peterson

## SERVICE LIST

**Notice will be mailed by postage prepaid first-class U.S. Mail to:**

| | | |
|---|---|---|
| First Choice Drywall, Inc.<br>5620 W. 120th St.<br>Alsip, IL 60803 | William T Neary<br>Office of the U.S. Trustee,<br>Region 11<br>219 S Dearborn St., Room 873<br>Chicago, IL 60604 | 5620 Building LLC<br>5620 W 120th Street<br>Alsip, IL 60803 |
| Aetna<br>PO Box 0824<br>Carol Stream, IL 60132 | Aetna<br>PO Box 44129<br>Jacksonville, FL 32231 | Allied Waste<br>13701 S Kostner<br>Crestwood, IL 60445 |
| Allocco Miller<br>3409 N Paulina<br>Chicago, IL 60657 | American Express<br>PO Box 360001<br>Ft. Lauderdale, FL 33336 | American Express Blue<br>PO Box 981535<br>El Paso, TX 79998 |
| Ames Taping Tools<br>PO Box 281017<br>Atlanta, GA 30384 | Ames Tooks<br>PO Box 100029<br>Duluth, GA 30096 | Associated Design<br>11160 Southwest Highway<br>Palos Hills, IL 60465 |
| AT&T<br>PO Box 8100<br>Aurora, IL 60507 | Bank of America<br>PO Box 15184<br>Wilmington, DE 19850 | Bank of America Business Card<br>PO Box 15710<br>Wilmington, DE 19886 |
| Berkley Net<br>PO Box 1166<br>Northbrook, IL 60065 | Cardmember Service SW<br>PO Box 15153<br>Wilmington, DE 19886 | Chase Southwest Card<br>PO Box 15298<br>Wilmington, DE 19850 |
| Chicago Drywall Educ<br>School Fund<br>PO Box 809062<br>Chicago, IL 60680 | Columbian Agency<br>PO Box 39<br>New Lenox, IL 60451 | ComEd<br>PO Box 6111<br>Carol Stream, IL 60197 |
| ComEd<br>Bill Payment Center<br>Chicago, IL 60668 | Contractors Acoustical Supply<br>17254 W New Lenox Rd<br>Joliet, IL 60433 | Contractors Adjustment Co<br>570 Lake Cook Rd, Suite 305<br>Deerfield, IL 60015 |
| D C 30 Defense Fund<br>PO Box 1503<br>Aurora, IL 60507 | District Council No 30<br>International Union<br>19056 Sequoia Drive<br>Aurora, IL 60506 | District Council No.30 Int'l<br>Union<br>1905 Sequoia Drive<br>Aurora, IL 6050 |
| Emmanuel Construction<br>4014 W 127th Street<br>Alsip, IL 60803 | Fed Ex<br>PO Box 64515<br>Palatine, IL 60094 | First Look Design<br>11423 Abbey Road<br>Mokena, IL 60448 |

| | | |
|---|---|---|
| Frankfort Drywall Supply<br>10211 W 191st Street<br>Mokena , IL 60448 | Glidden Paints<br>9741 Southwest Highway<br>Oak Lawn, IL 60453 | Harris Bank<br>PO Box 6201<br>Carol Stream, IL 60197 |
| Harris N A<br>111 W Monroe Street<br>Chicago, IL 60603 | ICI Paints<br>21033 Network Place<br>Chicago, IL 60673 | ICW Group<br>11455 El Camino Read<br>San Diego, CA 92130 |
| Ill Dept of Employment Security<br>401 S State Street, 3rd Floor<br>Chicago, IL 60605 | Illinois Department of<br>Employment Security<br>33 South State Street<br>Chicago, IL 60603<br>Attn: Bankruptcy Unit - 10th flr. | Illinois Dept of Rev<br>Level 7-425 100 W Randolph St<br>Chicago, IL 60606 |
| Imarc<br>PO Box 290<br>De Witt, IA 52742 | Internal Revenue Service<br>230 S Dearborn Street<br>Mail Stop 5010 CHI<br>Chicago, IL 60604 | J C Licht Co<br>24196 Network Place<br>Chicago, IL 60673 |
| Jeffrey Blumenthal Chartered<br>2970 Maria Ave., Suite 223<br>Northbrook, IL 60062 | Marlin Leasing<br>PO Box 13604<br>Philadelphia, PA 19104 | Mec Equipment<br>2152 Glenwood Dyer Rd<br>Lynwood, IL 60411 |
| Nicor<br>PO Box 2020<br>Aurora, IL 60507 | Office Depot<br>6600 N Military Trail<br>Boca Raton, FL 33496 | Opex<br>707 Wilshire Blvd<br>Los Angeles , CA 90017 |
| Overdoors of IL<br>601 Ridge Rd<br>Homewood, IL 60430 | Paetec<br>PO Box 3177<br>Cedar Rapids ,IA 52406 | Painters D C 30<br>PO Box 1503<br>Aurora, IL 60507 |
| Painters District Council<br>30 Pension Fund<br>1905 Sequoia Drive<br>Aurora, IL 60506 | Pitney Bowes<br>PO Box 5010<br>Woodland Hills, CA 91365 | Pittsburgh Paints<br>PO Box 536864<br>Atlanta, GA 30353 |
| PPG Arch Finishes<br>PO Box 536864<br>Atlanta, GA 30353 | Professional Handling<br>5386 Newburg Rd<br>Blevedere, IL 610078 | Ralph Schwab & Schiver<br>175 E Hawthorn Parkway<br>Suite 345<br>Vernon Hills, IL 60061 |
| Ronald J Presbitero<br>14014 Doral Lane<br>Homer Glen, IL 60491 | Sams Towing<br>9500 Franklin Ave<br>Franklin Park, IL 60131 | Sherwin Williams<br>5525 W 87th Street<br>Oak Lawn, IL 60453 |
| Sherwin Williams<br>7350 S Archer Ave<br>Justice, IL 60458 | Sprint<br>PO Box 4191<br>Carol Stream, IL 60197 | Stratford Press<br>12008 S Central Ave<br>Alsip, IL 60803 |

2

| Twens Drywall Inc<br>14309 McKinley Ave<br>Posen, IL 60469 | Van Dam Auto Repair<br>18935 S Wolf Rd<br>Mokena ,IL 60448 | Wells Fargo<br>100 E Wisconsin Ave<br>Suite 100<br>Milwaukee, WI 53202 |
|---|---|---|
| Wright Express<br>PO Box 6293<br>Carol Stream, IL 60197 | US Bankruptcy Court<br>Eastern Division<br>219 S Dearborn<br>7th Floor<br>Chicago, IL, 60604-1704 | Internal Revenue Service<br>Attn: Centralized Insolvency Operations<br>PO Box 21126<br>Philadelphia, PA, 19114-3604 |

**Notice will be electronically mailed via CM/ECF to:**

M. Garrett Hohimer on behalf of Petitioning Creditor Distict Council No. 30, International Union of Painters and Allied Trades
ghohimer@jbosh.com

David Huffman-Gottschling on behalf of Petitioning Creditor Distict Council No. 30, International Union of Painters and Allied Trades
davidhg@jbosh.com

Christopher L Muniz on behalf of Debtor First Choice Drywall, Inc.
clm@sacounsel.com

William T Neary
USTPRegion11.ES.ECF@usdoj.gov

Elizabeth Gayle Peterson on behalf of Trustee N. Reid
epeterson@fhslc.com, docket@fhslc.com;ajordan@fhslc.com

N. Neville Reid
nreid@fhslc.com, nreid@ecf.epiqsystems.com

N Neville Reid on behalf of Trustee N. Reid
nreid@fhslc.com, docket@fhslc.com

Bruce C Scalambrino on behalf of Debtor First Choice Drywall, Inc.
bcs@sacounsel.com

Ryan T Schultz on behalf of Trustee N. Reid
rschultz@fhslc.com, docket@fhslc.com

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 10-6981 |
| FIRST CHOICE DRYWALL, INC., | ) | |
| | ) | Hon. Jack B. Schmetterer |
| Debtor. | ) | |
| | ) | **Hearing Date: January 13, 2011** |
| | ) | **Hearing Time: 10:00 A.M.** |

**FIRST AND FINAL APPLICATION OF JEFFREY C. BLUMENTHAL CHARTERED FOR ALLOWANCE OF ADMINISTRATIVE CLAIM FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD
<u>JUNE 16, 2010 THROUGH DECEMBER 17, 2010</u>**

Jeffrey C. Blumenthal Chartered (the "<u>Blumenthal Firm</u>"), special counsel to N. Neville Reid, not individually, but solely in his capacity as Chapter 7 Trustee (the "<u>Trustee</u>") for the bankruptcy estate (the "<u>Estate</u>") of First Choice Drywall, Inc. (the "<u>Debtor</u>"), by and through general bankruptcy counsel for the Trustee, files this first and final application ("<u>Application</u>") for payment of an administrative claim in the amount of $25,338.00, consisting of $25,296.00 in fees and $42.00 in expenses, for the period of June 16, 2010 through December 17, 2010 (the "<u>Application Period</u>").  In support of this Application, the Blumenthal Firm states the following:

**<u>INTRODUCTION</u>**

1.　　This Court has jurisdiction over the Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.　　The bases for the requested relief are Sections 328 and 330 of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "<u>Local Rules</u>").

## BACKGROUND

3.     On February 22, 2010 (the "Involuntary Petition Date"), Painters' District Council No. 30 Health and Welfare Fund, Painters' District Council No. 30 Pension Fund, District Council No. 30, International Union of Painters and Allied Trades (collectively, the "Petitioning Creditors") filed an involuntary petition for relief under chapter 7 of the Bankruptcy Code against the Debtor in the United States Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court").  On May 14, 2010 (the "Relief Date"; the time between the Involuntary Petition Date and the Relief Date, the "Involuntary Gap Period"), the Bankruptcy Court entered an order for relief under chapter 7.  On June 16, 2010, the United States Trustee for the Northern District of Illinois appointed N. Neville Reid as chapter 7 trustee of the Debtor's Estate.

4.     Prior to the Involuntary Petition Date, the Debtor retained the Blumenthal Firm to pursue certain mechanics' lien claims (the "Mechanics' Lien Claims") arising from work the Debtor performed in Lake Zurich, Illinois (the "Somerset/Lake Zurich Project") and to defend the Debtor in *Wells Fargo Bank, N.A. v. First Choice Drywall, Inc.*, Case No. 08 C 4829 (N.D. Ill.) (the "Wells Fargo Matter").  The Debtor brought the Mechanics' Lien Claims in the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois (the "Circuit Court") and docketed as Case Numbers 08 CH 2221, 2222, and 2223 and known as *First Choice Drywall, Inc. v. Lincoln Contractors*, *et al.* (the "Mechanics' Lien Case"). The Mechanics' Lien Claims are owned by the Debtor's estate.  The Mechanics' Lien Case was consolidated with the mortgage foreclosure action docketed as Case Number 08 CH 3290 and known as *LaSalle Bank [n/k/a Bank of America] v. Market Commons Residential, LLC*.  Bank of America ("BofA") purchased most of the other third party subcontractor mechanics' lien claims that had been

2

asserted, and essentially stands in the shoes of the landowner-developer who defaulted on its mortgage loan.

5. The Blumenthal Firm worked on the Mechanics' Lien Case prior to the Involuntary Petition Date, during the Involuntary Gap Period, and after the Relief Date.

6. On November 30, 2010, the Court entered a final order granting the Trustee's application to retain the Blumenthal Firm as special counsel, *nunc pro tunc* to June 16, 2010, for the purpose of negotiating and settling the Mechanics' Lien Claims, pursuant to Section 327(e) of the Bankruptcy Code. [Dkt. No. 44.]

### RELIEF REQUESTED

7. The Blumenthal Firm files this Application to be allowed an administrative claim in the amount of $25,338.00, consisting of $25,296.00 in fees and $42.00 in expenses, for work performed on behalf of the Trustee and the Estate during the Application Period.

8. Attached as Exhibit A to this Application is a schedule of the name and position of each attorney who has performed work for the Trustee for which reimbursement is sought, the number of hours billed by each attorney and his hourly billing rate, and the year each attorney graduated from law school and was admitted to practice in Illinois.

9. Attached as Exhibit B to the Application are the detailed billing records of the Blumenthal Firm, describing the actual, necessary services rendered and time expended for work performed on behalf of the Trustee during the Application Period.

### PROFFESSIONAL SERVICES RENDERED

10. During the Application Period, the Blumenthal Firm performed the following services on the Trustee's behalf:

   A. Addressed open litigation issues in the Mechanics' Lien Case, including discovery issues, deadlines and case status issues;

3

B. Reviewed and analyzed pleadings filed in the Mechanics' Lien Case and communicated with counsel for BofA, Lincoln Contractors (n/k/a City Contractors of Chicago), the contractor on the Somerset/Lake Zurich Project, and various attorneys for other subcontractors;

C. Appeared in the Circuit Court at hearings related to the Mechanics' Lien Case;

D. Apprised the Trustee of the history and status of Mechanics' Lien Case, the Debtor's position in the Mechanics' Lien Case, and addressed the Trustee's questions and concerns regarding the same;

E. Advised the Trustee as to the Debtor's position vis-à-vis other subcontractors and the contractor on the Somerset/Lake Zurich Project, BofA, and Harris Bank, N.A. ("Harris");

F. Evaluated the Debtor's positions with respect to the various parties in the Mechanics Lien Case and determined the best course of action for the Estate in the Mechanics' Lien Case;

G. Reached an agreement with BofA to settle the Mechanics' Lien Case for $100,000 (the "Settlement Amount"; and the agreement related thereto, the "Settlement Agreement");

H. Reached an agreement as to the distribution of the Settlement Amount with Harris, which had a perfected security interest in and to Debtor's accounts receivable, choate and inchoate assets, which are now property of the Estate, whereby the Estate received one-half of the Settlement Amount and Harris received one-half of the Settlement Amount (the "Harris Settlement");

I. Assisted the Trustee and his general bankruptcy counsel with the preparation of the Settlement Agreement and related closing documents and with the Harris Settlement, and appeared in the Bankruptcy Court with the Trustee to present the Settlement Agreement and the Harris Settlement, which were approved on December 3, 2010 [Dkt. Nos. 46 and 47];

J. Worked with the Trustee and his general bankruptcy counsel to resolve issues related to the retention of the Blumenthal Firm and appeared in the Bankruptcy Court with the Trustee's general bankruptcy counsel to present the Trustee's Application to Employ the Blumenthal Firm as Special Counsel Retroactive to June 16, 2010 [Dkt. No. 41]; and

K. Assisted the Trustee's general bankruptcy counsel with the preparation of this Application.

4

## APPROPRIATENESS OF FEES

11. The total amount of fees sought by the Blumenthal Firm for professional services rendered to the Trustee is $25,296.00.

12. The professional services provided by the Blumenthal Firm to the Trustee during the Application Period were necessary and appropriate to assist the Trustee with the successful resolution of the Mechanics' Lien Claims and resulted in the recovery of $100,000.00 through the Settlement Agreement, which was evenly split between the Estate and Harris pursuant to the Harris Agreement. Compensation for the professional services provided by the Blumenthal Firm is commensurate with the complexity, importance and nature of the problems, issues and tasks involved. The Blumenthal Firm undertook all reasonable efforts to ensure that the services provided were performed in an efficient manner without duplication of effort.

13. The Blumenthal Firm's fees are recorded in a computerized time record system, from which the billing records attached to the Application were generated. The Blumenthal Firm has reviewed the billing records to ensure their accuracy.

14. The Blumenthal Firm's billing rates for the matters set forth in this Application are consistent with reasonable and customary rates among attorneys for the work performed.

15. The Blumenthal Firm's requested fees are awardable pursuant to Section 330 of the Bankruptcy Code as reasonable and necessary expenses, incurred for the administration of the Debtor's Estate.

## THE BLUMENTHAL FIRM'S EXPENSE POLICIES

16. The Blumenthal Firm charges clients for actual out-of-pocket expenses it incurs on their behalf such as travel, parking, postage, outside copying costs, outside vendor costs, and

5

court fees. The Blumenthal Firm typically does not charge for internal photocopying costs or phone charges, and no such expenses are sought in this application.

17. The expenses sought by the Blumenthal Firm relate to parking charges that Jeffrey C. Blumenthal incurred while appearing in the Bankruptcy Court on November 30, 2010 and December 3, 2010, and were necessary and benefited the Estate. The total amount of out-of-pocket expenses for which the Blumenthal Firm seeks reimbursement is $42.00.

18. The Blumenthal Firm's requested expenses are awardable pursuant to Section 330 of the Bankruptcy Code as actual, necessary expenses incurred in conjunction with the Blumenthal Firm's efforts to resolve the Mechanics' Lien Claims.

## **ADDITIONAL FEES AND EXPENSES**

19. The Blumenthal Firm has undertaken all reasonable efforts to ensure this Application includes all fees and expenses incurred during the Application Period. However, it is possible that some fees and expenses may not be included in this Application. The Blumenthal Firm reserves the right to submit further applications for fees and expenses for the Application Period, if necessary.

20. The Blumenthal Firm further reserves its right to file a proof of claim for unpaid fees and expenses that were incurred in conjunction with its representation of the Debtor prior to the Petition Date, and to file an administrative claim for fees and expenses arising from such representation that were incurred during the Involuntary Gap Period.

## **NOTICE**

21. Pursuant to Bankruptcy Rule 2002 (a), more than twenty days' notice has been given to, (a) the Debtor; (b) the Debtor's counsel; (c) the United States Trustee for the Northern District of Illinois; (d) all creditors; and (e) all other parties set up to receive notice through the

Court's ECF filing system. In light of the nature of the relief, requested, the Blumenthal Firm submits that no further notice is required.

WHEREFORE, Jeffrey C. Blumenthal Chartered, as special counsel to the Trustee, respectfully requests entry of Order allowing it an administrative claim in the amount of $25,338.00, consisting of $25,296.00 in fees and $42.00 in expenses, and allowing the Trustee to pay the same.

Dated: December 20, 2010          Respectfully submitted,

                                            *Jeffrey C. Blumenthal Chartered*

                                        By: */s/ Elizabeth Peterson*
                                                Fox, Hefter, Swibel, Levin & Carroll, LLP,
                                                General Bankruptcy Counsel to the Trustee

N. Neville Reid (ARDC #6195837)
Ryan T. Schultz (ARDC #6288585)
Elizabeth Peterson (ARDC #6294546)
**FOX, HEFTER, SWIBEL, LEVIN & CARROLL, LLP**
200 West Madison Street, Suite 3000
Chicago, IL 60606
Ph: 312.224.1200
Fx: 312.224.1201

7